UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES ALSTON,

    Plaintiff,

v.                                   CASE NO. 8:12-CV-1393-T-17EAJ

JAMES A. HALEY VETERANS
HOSPITAL,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 17   Motion to Dismiss Complaint With Prejudice
            For Failure to Exhaust Administrative Remedies
Dkt. 18   Response

In the Complaint (Dkt. 1), Plaintiff Charles Alston alleges a claim for damages for Plaintiff's injuries sustained on July 15, 2010, while Plaintiff was a passenger in a bus taking veterans for an outing, when the Plaintiff was pitched out of his motorized wheelchair. Plaintiff resides at James A. Haley Veterans Hospital. Plaintiff alleges that Plaintiff is nearly quadriplegic, due to multiple sclerosis. Plaintiff alleges that the wheelchair was not securely attached to the transport vehicle, and that Plaintiff was not secured with a seatbelt.

Defendant James A. Haley Veterans Hospital, without waiving any defenses and without submitting to this Court's jurisdiction, moves to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1)(lack of subject matter jurisdiction), (2)(lack of personal jurisdiction), (4)(insufficient process), (5)(insufficient service of process) and (6)(failure

Case No. 8:12-CV-1393-T-17EAJ

to state a claim upon which relief can be granted), Federal Rules of Civil Procedure, and the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Secs. 1346(b), 2671-2680 (2010).

Plaintiff Charles Alston is proceeding pro se, and has filed a response to Defendant's Motion to Dismiss.

A. Background

Plaintiff Alston commenced this case on June 25, 2012. The Court was concerned as to the Court's subject matter jurisdiction under the FTCA, and issued an Order to Show Cause which noted no indication that Plaintiff submitted an SF 95 to the Veterans Administration, and that Plaintiff did not attach a denial of Plaintiff's claim by the Veterans Administration (Dkt. 4). The Court also notified Plaintiff that Plaintiff is subject to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Plaintiff filed a response to the Order to Show Cause, which included medical records but no information as to the filing of an SF 95 and a denial of Plaintiff's claim by the Veterans Administration (Dkt. 5). The Court entered another Order to Show Cause, directing Plaintiff to provide proof of service of Plaintiff's claim on the Veterans Administration, and a denial of Plaintiff's claim by the Veterans Administration (Dkt. 6). Plaintiff filed a response which stated that Plaintiff sent the Veterans Administration documentation of Plaintiff's claim on June 21, 2012, but did not provide proof of Plaintiff's service of an SF 95 on the Veterans Administration or a denial of Plaintiff's claim by the Veterans Administration (Dkt. 7).

On 10/17/2013, Plaintiff filed a Motion for Judgment (Dkt. 8). The Court denied the Motion for Judgment without prejudice, and directed Plaintiff to pay the filing fee or file a Motion to Proceed IFP, and to serve Defendant with a summons and Complaint (Dkt. 9). On 11/13/2013, Plaintiff paid the filing fee. On 11/13/2013, the Court entered

Case No. 8:12-CV-1393-T-17EAJ

an Order directing Plaintiff to serve Defendant within thirty days, and reminded Plaintiff that Plaintiff is subject to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida (Dkt. 10). On 11/26/2013, the Clerk of the Court issued summons forms for Defendant James A. Haley Veterans Hospital, the U.S. Attorney, and the U.S. Attorney General. On 12/23/2013, Plaintiff requested that the summons forms be reissued (Dkt. 12). The Clerk of the Court reissued the summons forms (Dkt. 13). Plaintiff filed a document in which Plaintiff states that the document is intended to furnish confirmation of three summons served, providing tracking numbers which confirm delivery of an item, and to which Plaintiff attached copies of certified mail return receipts. Only the return receipt for the mailing to Defendant James A. Haley Veterans Hospital includes a signature. (Dkt. 14).

II. Subject Matter Jurisdiction

A. Standard of Review

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: "facial attacks" and "factual attacks." Facial attacks on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Where a factual attack challenges the existence of subject matter jurisdiction, the Court may consider matters outside the pleadings. The Court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. See Lawrence v. Dunbar, 919 F.2d 1525 (11th Cir. 1990). Where a factual attack implicates an element of the cause of action, the Court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case, proceeding under Rule

Case No. 8:12-CV-1393-T-17EAJ

12(b)(6) or Rule 56. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial. See Williamson v. Tucker, 645 F.2d 404 (5th Cir.), cert. denied, 102 S.Ct. 396 (1981).

B. Discussion

Defendant's Motion to Dismiss for lack of subject matter jurisdiction is a facial and factual attack on the Court's subject matter jurisdiction. Because the factual attack is dispositive, the Court does not address Defendant's facial attack.

In the Complaint, Plaintiff Alston asserted a claim under the FTCA. The filing of a proper administrative claim within two years after the claim accrues is a jurisdictional prerequisite to filing a lawsuit under the FTCA in Federal court and cannot be waived. 28 U.S.C. Sec. 2675(a); Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994). A plaintiff who presents a claim to the appropriate Federal agency within two years of accrual cannot file a lawsuit against the United States upon a tort claim until the agency has issued a final denial of the claim in writing and sent it to the plaintiff by certified or registered mail. 28 U.S.C. Sec. 2675(a). Once a plaintiff receives a final denial of the claim, the plaintiff must file a lawsuit within six months. 28 U.S.C. Sec. 2401(b). In the alternative, a plaintiff may file suit if his claim has remained pending for six months within action by the agency. 28 U.S.C. Sec. 2675(a). If the plaintiff files a lawsuit before the agency issues a final decision, or six months have passed with no action by the agency, the suit is premature, and the district court lacks subject matter jurisdiction over the action. Gibbs v. United States, 2013 WL 1668244, at *3 (11th Cir. Apr. 17, 2013)(citing Turner ex rel. Turner v. U.S., 514 F.3d 1194 (11th Cir. 2008)).

In this case, Plaintiff Alston is seeking compensation for injuries sustained on July 5, 2010. (Dkt. 1). The Court notes that Plaintiff Alston, through counsel, presented

Case No. 8:12-CV-1393-T-17EAJ

a claim to the United States of America and the Department of Veterans Affairs by an SF 95 dated March 1, 2012. (Dkt. 17-1, pp. 2-6, (Exh. A)). That claim was withdrawn on March 27, 2012. (Dkt. 17-2, p. 2). The Department of Veterans Affairs accepted the withdrawal of the claim and representation, and denied the claim on April 11, 2012 by a certified letter. Plaintiff Alston was advised of the procedure to seek reconsideration of the decision, or, in the alternative, to file suit. (Dkt. 17-3, pp. 2-3). Plaintiff Alston, proceeding pro se, presented his claim to the Department of Veterans Affairs by an SF 95 dated June 20, 2012. (Dkt. 17-4, pp. 2-4). The Department of Veterans Affairs treated Plaintiff's claim as a request for reconsideration. After making two settlement offers to Plaintiff, to which Plaintiff responded with a counter-offer, and then a refusal, the Department of Veterans Affairs denied Plaintiff's claim as non-amenable to administrative resolution on March 29, 2013, by a certified letter. The Department of Veterans Affairs notified Plaintiff that a lawsuit must be initiated within six months after the date of final denial, and notified Plaintiff that the proper party defendant is the United States of America. (Dkt. 17-5, pp. 2-3).

Plaintiff Alston presented an additional claim to the Department of Veterans Affairs on a separate matter, stating the "date of accident" as September 5, 2012; the basis of the claim is constant back and neck pain caused by the bed issued to Plaintiff. (Dkt. 17-6, pp. 2-9). The Department of Veterans Affairs denied Plaintiff's claim, finding no negligence or treatment outside the applicable standard of care, on October 26, 2012, by a certified letter. The Department of Veterans Affairs notified Plaintiff of the procedure to request reconsideration or, in the alternative, to file a lawsuit initiated within six months after the date of the notice of final denial, and notified Plaintiff that the proper party is the United States of America, not the VA.

This case was commenced on June 25, 2012. Plaintiff elected to pursue administrative reconsideration by Plaintiff's SF 95 dated June 20, 2012. Plaintiff filed suit before the final denial of Plaintiff's claim on March 29, 2013. Therefore, the Court

Case No. 8:12-CV-1393-T-17EAJ

did not have subject matter jurisdiction at the time the Complaint was filed, and the lack of subject matter jurisdiction in fact cannot be cured by an amendment of the complaint to correct defective allegations of jurisdiction.

As to Plaintiff's SF 95 dated September 5, 2012, the VA denied the claim on October 26, 2012. Plaintiff did not file a lawsuit on that claim, or request leave to amend the complaint to assert Plaintiff's additional claim.

After consideration, the Court **grants** Defendant's Motion to Dismiss for lack of subject matter jurisdiction. The Court **denies** Defendant's 12(b)(6) Motion to Dismiss for failure to state a claim **as moot**.

III. Personal Jurisdiction

Defendant argues that, after the Court directed Plaintiff to serve Defendant with the Complaint (Dkt. 10), and, after a summons was issued to James A. Haley Veterans Hospital, the U.S. Attorney, and the U.S. Attorney General (Dkt. 11), Plaintiff served the U.S. Attorney with a copy of the Plaintiff's Motion for Judgment, which had been denied by the Court, but did not serve the Complaint. The Clerk of the Court re-issued the summons (Dkt. 13), but on January 13, 2014, Plaintiff again served the U.S. Attorney by certified mail with a copy of the denied Motion for Judgment, as well as a letter discussing Plaintiff's back problems and a recent x-ray of Plaintiff's back. Defendant argues that Plaintiff did not serve Defendant with his Complaint, as ordered by the Court on October 18, 2013, and November 13, 2013.

Defendant further argues that, in an FTCA case, the United States is the only proper defendant, 28 U.S.C. Sec. 1346(b)(1), that service must comply with Fed. R. Civ. P. 4, and that federal agencies cannot be sued, 28 U.S.C. Sec. 2679(a). Fed. R. Civ. P. 4(i) requires that a copy of the summons and complaint be delivered to the

Case No. 8:12-CV-1393-T-17EAJ

United States Attorney for the Middle District of Florida, and the Attorney General of the United States.

Without proper service of process, a district court lacks both personal jurisdiction over a defendant and power to render a judgment. Hemispherx Biopharma, Inc. v. Johannesburg Consolidated Investments, 553 F.3d 1351, 1260 (11th Cir. 2008). Defendant has not waived Defendant's objections to personal jurisdiction, insufficient process, and insufficient service of process.

Defendant moves to dismiss for Plaintiff's failure to perfect valid service of process under Fed. R. Civ. P. 4(i), pursuant to Fed. R. Civ. P. 12(b)(2), (4), (5); and further moves to dismiss because Plaintiff has not served Defendant within 120 days after his Complaint was filed, in accordance with Fed. R. Civ. P. 4(m).

Service of process is a jurisdictional requirement; the Court lacks jurisdiction over the person of a defendant when that defendant has not been served. Pardazi v. Cullman Medical Center, 896 F.2d 1313, 1317 (11th Cir. 1990). The party effecting service has the burden of establishing its validity. Familia de Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1139 (5th Cir. 1980).

The Court understands Defendant's Rule 12(b)(4) challenge to be that the summons names the wrong party, Defendant James A. Haley Veterans Hospital. The only proper defendant in a suit under the FTCA is the United States of America. Anderson v. Bailar, 459 F. Supp. 792, 793 (M.D. Fla. 1978), aff'd, 619 F.2d 81 (5th Cir.), cert. denied, 449 U.S. 956 (1980). The Court understands Defendant's Rule 12(b)(5) challenge to be that the summons and Complaint were not served on Defendant; only a copy of Plaintiff's Motion for Judgment was served on Defendant. The Court notes that Plaintiff has filed a document which raises an inference that Plaintiff mailed a summons and complaint by certified mail to Defendant James A. Haley Veterans Hospital, the

Case No. 8:12-CV-1393-T-17EAJ

U.S. Attorney, and the U.S. Attorney General. However, in the response to Defendant's Motion, Plaintiff does not dispute any of the issues raised by Defendant; Plaintiff Alston merely highlights the burden of Plaintiff's multiple sclerosis and pro se status. The Court entered Orders directing Plaintiff to serve the summons and Complaint, and the Court reminded Plaintiff Alston that Plaintiff is required to comply with the Federal Rules of Civil Procedure, and the Local Rules of the Middle District of Florida. Pro se status does not exempt a party from compliance with the relevant rules of procedural and substantive law. Asad v. Crosby, 158 Fed. Appx. 156 (11th Cir. 2005).

The Court notes that Plaintiff did not serve Defendant within 120 days after the Complaint was filed, in accordance with Fed. R. Civ. P. 4(m), which provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to plaintiff, must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Good cause for a failure to serve within the time limit prescribed in Rule 4(m) exists "'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" Lepone-Dempsey v. Carroll Cnty. Com'rs, 476 F.3d 1277, 1281-82 (11th Cir. 2007). "Even in the absence of good cause, a district court has the discretion to extend the time for service of process." Id. at 1281. "Relief may be justified for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service." Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005). The Court notes Plaintiff was notified that the correct defendant was the United States of America in the VA's denial letter. Because Plaintiff did not respond to the defective service issues raised in Defendant's Motion, the Court is not aware of any outside

Case No. 8:12-CV-1393-T-17EAJ

circumstances that may constitute good cause.

Plaintiff has not obtained valid service of process on Defendant by serving Defendant with a copy of Plaintiff's Motion for Judgment rather than the summons and complaint. Without valid service, the Court lacks personal jurisdiction over Defendant.

Ordinarily, a defect in obtaining service may be cured by directing plaintiff to obtain valid service. However, since the Court has found that this case is due to be dismissed for lack of subject matter jurisdiction, Defendant's requests for dismissal for lack of personal jurisdiction, insufficient service and insufficient process are **denied as moot**. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss for lack of subject matter jurisdiction is **granted**, and this case is **dismissed** without prejudice. The Motion to Dismiss for lack of personal jurisdiction, insufficient service, insufficient process, and for failure to state a claim is **denied** as moot. The Clerk of Court shall close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 9th day of September, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record